Totten, J".,
delivered the opinion of the. court.
The defendants executed to the plaintiff, as clerk and master of the chancery court at Q-allatin, two notes for two thousand three hundred and eleven dollars each; the same being for the purchase money of land sold by the clerk and master nnder a decree of that court.
On the 12th of April, 1852, on motion and without formal notice, the said court rendered judgmeut against defendants for a balance of three thousand five hundred dollars due on said xibtes, and awarded execution; whereupon, the defendants appealed to this court.
The error assigned is, that no notice of the motion was given to defendants. This judgment is supported by Deadrick vs. Smith, 6 Humph. R., 146, where the powers of a court of chancery, in this respect, are clearly *342 and fully stated. It is true that no 'notice was given in that case; but it is not alluded to in the opinion as being necessary to the exercise of the jurisdiction aforesaid.
The court must have power to enforce its judgments and decrees. “It has under its control all sales made by its order, until a final disposition is made of the cause.” The purchaser of property becomes a quasi party to the cause, so far as relates to the rights and duties that properly appertain to his purchase under the decree. Pie may, therefore, by petition merely, as a party already in court, and without formal bill, present any matter in relation to the sale, that his rights and interests may require; Read vs. Fite, 8 Humph. R., 328; as that a title be made to him on ■ his compliance with the conditions of the sale, or that he be absolved from his contract, by reason of defect of title, and the like; so, on the contrary, is he liable to the action of the court to enforce the compliance with the conditions of the sale. This may be by proceeding m personam in conformity to the practice of chancery in England, (2 Madd. Ch. Pr., 402,) or by judgment and execution as in cases at law under a statute of the State, 1787, ch. 22.
Now, as the purchaser under a decree becomes a party to the suit, as to every thing that relates to the sale, he is already before the court, as another party is before it, to demand his rights or to perform his duties and obligations in relation thereto. The notice, if given, could only be necessary -and have the effect to bring him before the court, and as he is already before it, the notice is useless. It must follow, that in such case, a judgment without formal notice is valid.
It is argued that the' practice may be inconvenient where the purchaser has defence, and is not present at *343 the rendition of tbe judgment; as, where payments have been made or tbe title is defective. But this defence be may still make by petition to tbe chancellor, and tbe judgment will not preclude him from taking such action as tbe equity of- tbe case may require. Besides, it may in many instances be inconvenient or impossible to give notice to tbe party, and we are not to presume that, as a purchaser merely, be has a solicitor in court to whom tbe notice may certainly be given. If there be any objection to, or compliance with tbe sale, tbe purchaser should make it in reasonable time; if none, be should comply with its conditions, and bis contract is sufficient notice to him of tbe time and nature of its performance, and for which be has become liable to tbe action of tbe court.
’Us true, that tbe Act 1832, cb. 92, in relation to sales by order and decree of tbe county court, requires that five days’ notice be given before judgment in that court for. tbe purchase money. But this is a special jurisdiction conferred by tbe statute, and it provides tbe manner in which it shall be exercised. It has no reference to tbe more appropriate proceeding in chancery, and requires no notice in that court, which is but another argument in support of tbe position that we should not require it.
Affirm tbe judgment.